IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:21-cv-244-ECM |
| ) | (WO) |
| BART EDMISTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the United States' motion for default judgment against defendants Johnny Royce Vaughn and Robert Crites (doc. 40) filed on January 3, 2022. Federal Rules of Civil Procedure 55 governs the procedure for obtaining a default judgment and creates a two-step procedure for obtaining a default judgment against an unresponsive party. *See* Fed. R. Civ. P. 55. An entry of default must precede an entry of a default judgment. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Plaintiff has not applied for entry of default against Defendants Vaughn and Crites pursuant to Fed. R. Civ. P. 55(a). Thus, the motion for entry of default judgment is premature.

More importantly, however, on December 30, 2021, Defendant Vaughn filed an answer (doc. 39) so default against this defendant is inappropriate as he has filed a response

to the Complaint. And the motion for default judgment is now moot because the United States filed an amended complaint on February 4, 2022, (doc. 52), and there is no indication that either Defendant has been served with the Amended Complaint. Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the motion for entry of default judgment (doc. 40) is DENIED.

Done this 28th day of March, 2022.

                                            /s/Emily C. Marks
                                       EMILY C. MARKS
                                       CHIEF UNITED STATES DISTRICT JUDGE