IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:21CV244-ECM |
| | ) | (wo) |
| BART EDMISTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on a motion to sever filed by Robert Crites. (Doc. 92).

Robert Crites contends that other defendants involved in this case were involved for many years in an ongoing scheme, whereas he was involved with the other defendants for a short time, and was not aware that illegal activities were occurring.  He asks for his case to be tried separately so that information not relevant to his case will not taint the case against him.

The Government opposes severance, arguing that severing the cases will not promote judicial economy or assist in judicial management.  The Government sets out elements of the conspiracy at issue which connect Crites to other defendants. (Doc. 90 at 1).

Rule 21 of the *Federal Rules of Civil Procedure* provides that to remedy improper joinder, the court may "sever any claim against a party." FED. R. CIV. P. 21.  Additionally, Rule 42(b) vests in the district court the discretion to order separate trials "[f]or

convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). In addition to determining whether claims were properly joined under Rule 20, a court considering a motion to sever should consider the interests of judicial economy, case management, prejudice to the parties, and fundamental fairness. *Roberts v. Mando Am. Corp.*, 2021 WL 664844, at *2 (M.D. Ala. 2021).

It appears to the Court that given the overlap of the alleged actions of the various defendants, the standards for joinder are met. Further, the factors of judicial economy, case management, prejudice to the parties, and fundamental weigh against severance. *Id.* If, at a later point, it appears that the relevant factors weigh in favor of severance, Crites can again raise this issue in an appropriate motion at that time. *See Weatherly v. Alabama State Univ.*, 2010 WL 1753190, *3 (M.D. Ala. 2010), *aff'd*, 728 F.3d 1263 (11th Cir. 2013).

Accordingly, it is ORDERED

that the motion to sever (doc. 92) is DENIED without prejudice to being raised against at a later time.

DONE this 21st day of February, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE